UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD ANDERSON,

                Plaintiff,

          v.

NEW YORK CITY DEPARTMENT OF FINANCE,

                Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

19-CV-7971 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Ronald Anderson brings this action against his former employer, the New York City Department of Finance, alleging unlawful racial discrimination and retaliation under Title VII, the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL). In April 2020, this Court granted a motion to dismiss the initial complaint after finding that Anderson had failed to plausibly plead facts giving rise to an inference of either discriminatory or retaliatory intent. Anderson has since filed an amended complaint, which Defendant has again moved to dismiss. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

    The Court assumes the parties' familiarity with the procedural history of this case, as well as the facts alleged in the amended complaint, which must be construed in the light most favorable to Plaintiff. *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). These facts are largely the same as those alleged in the initial complaint, which this Court dismissed in its entirety on April 21, 2020. *See Anderson v. New York City Dep't of Fin.*, No. 19-CV-7971 (RA), 2020 U.S. Dist. LEXIS 70428 (S.D.N.Y Apr. 21, 2020). The only notable change is that the amended complaint contains additional facts and allegations about Defendant's overtime policy. Specifically, Anderson asserts for the first time

in the amended complaint that prior to July 2017, employees often worked overtime and did not need approval to do so. Am. Compl. ¶ 40. As alleged in the initial complaint, in July 2017, Defendant implemented a policy requiring verbal approval of overtime hours. *Id*. ¶ 38. Anderson, an African-American male, asserts that while this new policy was applied to him, it was not applied to similarly-situated caucasian employees in his department, who allegedly continued to work overtime and receive overtime pay without express permission. *Id*. ¶ 41. Anderson lists four caucasian employees by name who worked overtime without express permission. *Id*. ¶ 42. He claims the practice was both discriminatory and retaliatory, and caused him to "lose opportunity and pay" to which he was otherwise entitled. *Id*. ¶¶ 39, 44–45. Specifically, he claims that Defendant failed to pay him for at least 414.65 hours of overtime worked. *See id*. ¶ 52.[1]

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (citation omitted); *see also Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

---

[1] It is unclear whether Anderson worked overtime hours after requesting but being denied permission to do so, failed to seek permission but worked overtime nonetheless, or whether Defendant authorized Anderson to work overtime and then refused to pay him for that time.

## DISCUSSION

### I. Discrimination

To plead a cause of action for discrimination under Title VII, a plaintiff must allege sufficient facts to establish that (1) he belongs to a protected class; (2) he was qualified for his position or job; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). A plaintiff may satisfy this last element by direct evidence of discriminatory animus or by showing that similarly situated employees received preferential treatment. *See Littlejohn*, 795 F.3d at 312; *Ruiz v. City of New York*, No. 14-CV-5231 (VEC), 2015 U.S. Dist. LEXIS 117947, 2015 WL 5146629, *11 (S.D.N.Y Sept. 2, 2015). A court will only consider a comparator "similarly situated" if he is "similarly situated in all material respects [to the plaintiff]." *Day v. City of New York*, No. 15-CV-4399 (GBD)(HBP), 2015 U.S. Dist. LEXIS 161206, *45 (S.D.N.Y. Nov. 30 2015).

For purposes of this motion, there is no dispute that Anderson is a member of a protected class, qualified for his position, and that denial of overtime and compensation are adverse employment actions. Def. Mem. at 9.[2] The only disputed issue, thus, is whether the evidence raises an inference of discriminatory intent. In the amended complaint, as in the initial complaint, Anderson has attempted to raise this inference by alleging that similarly situated employees were treated preferentially to him. *See* Am. Compl. ¶ 45.

In its prior opinion, the Court concluded that Anderson failed to make this showing because he provided insufficient information about his comparators to allow for a finding that they were similarly

---

[2] Of the acts that Anderson claims were discriminatory, only the denial of overtime hours and the failure to compensate for overtime worked are timely. For the reasons stated in the Court's prior opinion, the continuing violation doctrine does not apply. *Anderson*, 2020 U.S. Dist. LEXIS 70428 at *13–14. Any allegations arising from conduct that occurred prior to October 2016 are thus not actionable, and the Court will not consider them here.

3

situated. *Anderson*, 2020 U.S. Dist. LEXIS 70428 at *20 (noting that Anderson provided no information about his comparators other than the conclusory statement that they were similarly situated (citing Compl. ¶ 41)). In the amended complaint, Anderson provides some additional information about his comparators. Specifically, he states that they (1) work within his department and (2) are caucasian. Am. Compl. ¶¶ 41–42. This new information, however, is insufficient to cure this defect.

Whether a plaintiff and his comparators are similarly situated in all material respects is a context specific analysis that will vary from case to case. *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). In all cases, however, "[t]he plaintiff's and comparator's circumstances must bear a 'reasonably close resemblance.'" *Id.* (quoting *Graham v. Long Island R.R.* 230 F.3d 34, 39 (2d Cir. 2000)). Here, Anderson has provided no information about his comparators other than that they work in his department. He has pled nothing about their positions and whether the same policies—including overtime policies—should have been applicable to them in those positions. Moreover, while he has asserted that his comparators continued to work overtime without approval, Anderson has not clearly articulated whether *he* continued to work overtime without approval, whether he sought approval and was denied it, or whether he received approval but then was denied pay. Anderson has thus not pled sufficient to facts to allow the Court to conclude that his comparators engaged in the same conduct as he did. *See Joglo Realties, Inc. v. Seggos*, 229 F. Supp. 3d 146, 156 (E.D.N.Y. 2017) (requiring a plaintiff alleging discrimination through unequal application of disciplinary policies to "plead facts allowing the court to infer that the *manner* and *extent* of the [comparators'] violations [of company policy] is similar." (emphasis in original)). Although the question of whether colleagues are similarly situated is ultimately a question of fact for the jury, *Graham*, 230 F.3d at 39, here, Plaintiff has provided too little information about his comparators and their conduct to allow this case to proceed before a jury.

In sum, although Anderson has provided more information about his comparators than in the initial complaint, it is still not enough to establish "a reasonably close resemblance of the facts and

4

circumstances of [P]laintiff's and comparator's cases." *Trachtenberg v. Dep't of Ed.*, 937 F. Supp. 2d 460, 471 (S.D.N.Y. 2013). Anderson cannot establish that his alleged comparators were "similarly situated," and he has thus failed to plausibly plead a claim of discrimination under Title VII.

In spite of the fact that Anderson has already been provided an opportunity to amend, the Court will nonetheless grant him one final opportunity to do so. *See Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (S.D.N.Y. 2004) (pursuant to Federal Rule of Civil Procedure 15(a), courts have broad discretion to grant leave to amend when justice so requires and may do so *sua sponte*). If he chooses to file a second amended complaint, Anderson must plead to the best of his knowledge, *inter alia*, how the overtime policy was applied to him, how it was applied to his comparators, and whether—by virtue of their respective roles in the company—his comparators should have been subject to the policy in the same way he was.

## II.  Retaliation

For a retaliation claim to survive a motion to dismiss, a plaintiff must plausibly allege that: (1) he participated in a protected activity; (2) the defendant knew of the protected activity; (3) an adverse employment action occurred; and (4) a causal connection between the protected activity and the adverse employment action exists. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). "Causation may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018).

In its prior opinion, this Court held that Anderson had failed to allege direct evidence of retaliatory animus. Because "approximately nine months took place between the relevant protected activity and adverse employment actions" alleged—an amount of time "which is significantly more time than courts typically permit to establish temporal proximity"—the Court held that Anderson had failed to allege temporal proximity. *Anderson*, 2020 U.S. Dist. LEXIS 70428 at *23. The amended complaint fails to remedy either of these shortcomings. It is similarly devoid of direct evidence of retaliatory

animus.  And the amended complaint contains nothing to shorten the nine-month gap between Anderson's protected activity (reporting to his supervisors that he had been denied training provided to his coworkers)[3] and the adverse employment action he allegedly experienced (being denied overtime) so as to plausibly allege an inference of retaliatory animus.  *See* Am. Compl. ¶¶ 32, 35–36; *see also Uddin v. City of New York*, 427 F. Supp. 2d 414, 434 (S.D.N.Y. 2006) ("Any alleged actions that took place more than nine months after the last alleged protected activity . . . are too remote to establish a causal connection.").  Accordingly, for the reasons already set forth in its prior opinion, the Court concludes that Plaintiff has failed to plausibly plead a claim of retaliation under Title VII.

### III. State and Local Claims

Although federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3).  Here, as in its prior decision, the Court has granted Defendant's motion to dismiss as to all of Anderson's federal claims.  Therefore, for the reasons stated in its prior opinion, the Court declines to exercise supplemental jurisdiction.

---

[3] The initial complaint did not specify when Anderson made this report, but the Court in its prior opinion presumed that it occurred around September 2016. *Anderson*, 2020 U.S. Dist. LEXIS 70428, at *22–23.  Anderson did not provide a more specific date in the amended complaint.  *See* Am. Compl. ¶ 32.  Absent correction or redirection from Anderson, the Court will thus continue to assume Anderson made this report in or about September 2016.  Moreover, while the amended complaint contains some additional allegations of retaliation stemming from events in 2005, 2007, and 2014, Am. Compl. ¶¶ 17, 20, 30, for the reasons outlined in the prior opinion, these allegations are untimely and the Court will not consider them here.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in its entirety. Plaintiff shall be granted one final opportunity to amend his complaint, which he shall file no later than February 12, 2021.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 23.

SO ORDERED.

Dated: January 19, 2021
       New York, New York

                                    RONNIE ABRAMS
                                    United States District Judge